**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VIRGINIA L. FOX, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, and CAROL J. HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12090-NMG<br><br><u>CLASS ACTION</u> |

**DR. SESHAGIRI RAO KALAPALA'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION <u>TO COMPETING LEAD PLAINTIFF MOTIONS</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ...................................................................................................................... 3

    I.    The PSLRA Process ............................................................................................. 3

    II.   Dr. Kalapala is the Presumptive Lead Plaintiff ................................................. 3

    A.   Dr. Kalapala Possesses the Largest Financial Interest of Any Movant. .......... 3

    B.   Dr. Kalapala Satisfies Rule 23's Typicality and Adequacy Requirements. .... 4

    C.   Approval of Dr. Kalapala's Choice of Counsel is Appropriate. ...................... 6

CONCLUSION ................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Teacher Ret. Sys. v. Insulet Corp.*,
177 F. Supp. 3d 618 (D. Mass. 2016) ................................................................................ 2

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................................. 4

*Coopersmith v. Lehman Bros., Inc.*,
344 F. Supp. 2d 783 (D. Mass. 2004) ........................................................................... 1, 6

*Emerson v. Genocea Biosciences, Inc.*,
Nos. 17-12137-PBS, et al., 2018 WL 839382 (D. Mass. Feb. 12, 2018) ...................... 1, 4

*Hackel v. AVEO Pharms., Inc.*,
No. 19-cv-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019) ................................. 3

*Leavitt v. Alnylam Pharms., Inc.*,
378 F. Supp. 3d 60 (D. Mass. 2019) ................................................................................. 5

*In re Lernout & Hauspie Sec. Litig.*,
138 F. Supp. 2d 39 (D. Mass. 2001) ................................................................................. 5

*Luongo v. Desktop Metal, Inc.*,
Civil Action No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, (D. Mass. July 7,
2022) ................................................................................................................................. 3

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................... 2, 4

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................... *passim*

## PRELIMINARY STATEMENT

Lead Plaintiff Movant Dr. Seshagiri Rao Kalapala respectfully submits this Memorandum of Law: (1) in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel for the putative Class (ECF No. 15) in the above-captioned action (the "Action"); and (2) in opposition to the competing motions of: (i) Harjit Mahil (ECF No. 21) and (ii) Sivakesavulu Mannem (ECF No. 20). [1]

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, Dr. Kalapala's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA presumes that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and should be appointed as lead plaintiff, so long as he is otherwise adequate and typical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *See, e.g., Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 793 (D. Mass. 2004) (appointing as Lead Plaintiff the movant with the largest financial loss); *Emerson v. Genocea Biosciences, Inc.*, Nos. 17-12137-PBS, et al., 2018 WL 839382, at *3 (D. Mass. Feb. 12, 2018) (loss is the most important factor in assessing financial interest). Dr. Kalapala has, by far, the largest financial interest under all the factors typically examined by Courts in this District and throughout the country: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate

---

[1] Movant Jeffrey Adam Traina filed a notice of non-opposition on October 29, 2024. ECF No. 26.

losses suffered during the class period." *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). As demonstrated in the table below, Dr. Kalapala's financial interest is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Dr. Seshagiri Rao Kalapala | 16.500 | 16.500 | $551,953.06 | $198,049.31 |
| Jeffrey Adam Traina | 11,956 | 7.760 | $276,881.10 | $124,868.00 |
| Harjit Mahil | 13,100 | 4,362 | $176,684.07 | $70,252.15 |
| Sivakesavulu Mannem | 2,900 | 2,900 | $117,064.00 | $51,450.77 |

*See* ECF Nos. 18-2; 19-1; 24-3; and 25-3.

Dr. Kalapala also meets the typicality and adequacy requirements of Rule 23, entitling him to the presumption of lead plaintiff. The "Class" in this case is defined as, "all investors who purchased or otherwise acquired SYM securities between May 6, 2024, to July 29, 2024, inclusive (the "Class Period")". *See* ECF No. 1 at ¶ 1. Dr. Kalapala acquired his SYM securities starting on May 6, 2024 through July 29, 2024, during the Class Period. *See* ECF Nos. 18-1 and 18-2. Thus, Dr. Kalapala falls squarely within the class definition.

Dr. Kalapala is committed to overseeing the prosecution of this Action to ensure its success. His commitment to the case, along with his educational and professional background, will prove advantageous for the plaintiffs in this litigation. He is highly educated and holds a medical degree, specializing in Physical Medicine and Rehabilitation. *See* ECF No. 16 at p. 10. Dr. Kalapala, therefore, has made a *prima facie* showing of adequacy for the purposes of Rule 23.

With $198,049.31 in losses, there can be no dispute that Dr. Kalapala holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). His significant financial interest in this litigation ensures that he will vigorously pursue recovery on

behalf of the Class. *See Luongo v. Desktop Metal, Inc.*, Civil Action No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, at *16 (D. Mass. July 7, 2022) (finding that movant "has sustained significant financial losses, the court finds that she has incentive to maximize the recovery from the alleged fraud and her claims do not conflict with those asserted on behalf of the class."). As none of the competing movants can rebut this presumption with proof that Dr. Kalapala is somehow atypical or inadequate, Dr. Kalapala is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Dr. Kalapala respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## ARGUMENT

### I. The PSLRA Process

The PSLRA creates a presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of adequacy and typicality under Rule 23. *See Hackel v. AVEO Pharms., Inc.*, No. 19-cv-10783-ADB, 2019 WL 1992556, at *2 (D. Mass. May 6, 2019) (noting that a movant "need only make a *prima facie* showing of typicality and adequacy" to satisfy Rule 23's requirements). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Dr. Kalapala.

### II. Dr. Kalapala is the Presumptive Lead Plaintiff

#### A. Dr. Kalapala Possesses the Largest Financial Interest of Any Movant.

While the PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class, courts throughout the country typically examine "(1) the number of

3

shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and, most importantly, (4) the approximate losses suffered during the class period." *Emerson*, 2018 WL 839382, at \*3 (citing *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295). Further, Courts in the First Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See Emerson*, 2018 WL 839382, at \*3 (losses are the most important factor).

Dr. Kalapala has the largest financial interest in the relief sought by the Class, suffering the greatest loss by over $70,000 compared to the closest competing movant.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Dr. Seshagiri Rao Kalapala | 16.500 | 16.500 | $551,953.06 | $198,049.31 |
| Jeffrey Adam Traina | 11,956 | 7.760 | $276,881.10 | $124,868.00 |
| Harjit Mahil | 13,100 | 4,362 | $176,684.07 | $70,252.15 |
| Sivakesavulu Mannem | 2,900 | 2,900 | $117,064.00 | $51,450.77 |

*See* ECF Nos. 18-2; 19-1; 24-3; and 25-3.

As demonstrated above, it is clear that Dr. Kalapala possesses the largest financial interest of any movant before the Court under every factor considered, including the most important factor, as he suffered the largest loss, acquired the most shares, retained the most shares, and expended the most funds out of all movants. Therefore, Dr. Kalapala has the largest financial interest.

**B.  Dr. Kalapala Satisfies Rule 23's Typicality and Adequacy Requirements.**

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also make the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Emerson*, 2018 WL 839382, at \*3 n.2 (requiring a "prima facie showing of typicality and adequacy") (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001)). Dr. Kalapala has gone beyond making the prima

facie showing of the typicality and adequacy requirements of Rule 23, thus triggering the statutory presumption of lead plaintiff in his favor.

Dr. Kalapala purchased 16,500 and retained all 16,500 SYM shares during the Class period, in the same manner as all other Class members, and holds no interest adverse to the rest of the class. *See* ECF Nos. 18-1, 18-2, and 16 at p. 9. "A plaintiff's claim is typical if it arises from 'the same events or course of conduct' and involves the same legal theory as the claims of the rest of the class members." *Leavitt v. Alnylam Pharms., Inc.,* 378 F. Supp. 3d 60, 65 (D. Mass. 2019) (quoting *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). Dr. Kalapala is more than qualified to represent the Class with an impressive educational background and a medical degree specializing in Physical Medicine and Rehabilitation. *See* ECF No. 16 at p.10. Dr. Kalapala has been employed at the Marietta Memorial Health System since 2020. *Id*. Prior to that he was in private practice and a medical director for a local hospital for 22 years in West Virginia *Id*. The Class will benefit from Dr. Kalapala's appointment due to the fact that Dr. Kalapala would be able to appear for deposition and/or trial on behalf of the class representatives. Since Dr. Kalapala has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Dr. Kalapala to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do. No such proof exists to rebut the presumption in favor of Dr. Kalapala, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Action.

5

Accordingly, Dr. Kalapala has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C. Approval of Dr. Kalapala's Choice of Counsel is Appropriate.

The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Coopersmith*, 344 F. Supp. 2d 783, 793 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Dr. Kalapala selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as this one and is well-qualified to represent the Class. *See* ECF No. 16-4. Thus, the Court should approve Dr. Kalapala's choice of counsel.

### CONCLUSION

For the foregoing reasons, Dr. Kalapala respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Dr. Kalapala as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky, LLP as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

6

Dated: October 29, 2024

Respectfully Submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movant Dr. Seshagiri Rao Kalapala and Proposed Lead Counsel for the Class*

7

**<u>CERTIFICATE OF SERVICE</u>**

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 29, 2024.

Dated: October 29, 2024

*/s/Shannon L. Hopkins*
Shannon L. Hopkins

8