**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VIRGINIA L. FOX, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, and CAROL J. HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12090-NMG<br><br><u>CLASS ACTION</u> |
| MATTHEW DECKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, MARIA G. FREVE, and CAROL HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12976-DJC<br><br><u>CLASS ACTION</u> |

**PLAINTIFF'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION TO CONSOLIDATE</u>**

## PRELIMINARY STATEMENT

Plaintiff Virginia Fox ("Plaintiff") respectfully submits this memorandum of law in support of her motion to consolidate the above-captioned actions. Pursuant to Federal Rule of Civil Procedure 42 as well as the Private Securities Litigation Reform Act of 1995, courts routinely consolidate securities fraud class actions where they assert substantially similar claims and theories of liability. That is the case here. Plaintiff commenced the first-filed action on August 14, 2024 (the "*Fox* Action"). On December 3, 2024, Plaintiff Matthew Decker filed a substantially similar action (the "*Decker* Action"). Plaintiff requests consolidation of the *Fox* and *Decker* Actions so as to allow the cases to proceed in an orderly and efficient manner.

Defendants Symbotic Inc., Richard B. Cohen, Maria G. Freve, and Carol Hibbard ("Defendants") do not oppose Plaintiff's request for consolidation. Presumptive Lead Plaintiff Movant Dr. Seshagiri Rao Kalapala ("Lead Plaintiff Movant") also consents to the request. Plaintiff Matthew Decker does not consent to the relief requested herein. Provided that Plaintiff's motion is granted, Lead Plaintiff Movant's motion for appointment of lead plaintiff (which is presently unopposed) may also be granted and the cases can then move forward. Absent consolidation, two cases will proceed on separate tracks requiring unnecessary time and resources of all parties involved in addition to creating a risk of prejudicial outcomes for class members in both cases.

## BACKGROUND

Plaintiff commenced the *Fox* Action on August 14, 2024. The *Fox* Action alleges that Symbotic, Richard Cohen, and Carol Hibbard violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The *Fox* Action asserts these claims on behalf of a class of shareholders who purchased Symbotic securities between May 6, 2024 and July 29, 2024. The alleged securities

fraud violations relate to Defendants' statements concerning Symbotic's revenue and guidance for fiscal 2024.

On December 3, 2024, Plaintiff Matthew Decker filed the *Decker* Action. Similar to the *Fox* Action, the *Decker* Action alleges that Symbotic, Richard Cohen, Carol Hibbard, and Maria Freve violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The *Decker* Action asserts these claims on behalf of a class of shareholders who purchased Symbotic securities between February 8, 2024 and November 26, 2024. Also similar to the *Fox* Action, the securities fraud violations alleged in the *Decker* Action relate to Defendants' statements concerning Symbotic's revenue and guidance for fiscal 2024. The key distinction between the two complaints relates to the *Decker* Action's inclusion of Symbotic's announcement on November 27, 2024 that it would be restating its financial statements for fiscal 2024.

## **ARGUMENT**

### **I.     The Actions Should Be Consolidated for All Purposes**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v.*

*Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The two cases currently before the Court involve "substantially identical questions of law and fact." *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014). The *Decker* Action alleges substantially the same wrongdoing as the initial *Fox* Action and differs primarily only in the class period alleged. Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods); *Werner v. Satterlee, Stephens, Burke & Burke,* 797 F.Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation in securities actions appropriate in cases where complaints are based on "overlap[ping]" public statements and reports and where there are common questions of law and fact). Both cases allege Symbotic improperly accelerated revenue recognition in its 2024 financial statements. *Compare Fox* Action, ECF No. 1 with *Decker* Action, ECF No. 1. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class

3

certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion and enter an Order: (1) consolidating the Actions and (2) granting such other relief as the Court may deem just and proper.

Dated: December 20, 2024                    Respectfully Submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Plaintiff Virginia Fox*

4

**CERTIFICATE OF SERVICE**

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 20, 2024.

Dated: December 20, 2024

                                            */s/Shannon L. Hopkins*
                                            Shannon L. Hopkins