UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIRGINIA L. FOX, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, and CAROL HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12090-NMG<br><br>CLASS ACTION |
| MATTHEW DECKER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, MARIA G. FREVE, and CAROL HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12976-DJC<br><br>CLASS ACTION |

**PLAINTIFF DECKER'S MEMORANDUM OF LAW IN OPPOSTION TO
MOTION TO CONSOLIDATE**

1

## I.    <u>Background</u>

On August 14, 2024, Plaintiff Virginia Fox, through her counsel, Levi & Korsinsky, LLP (the "Levi Firm") filed the instant action (the Fox Complaint), alleging that Symbotic Inc. ("Symbotic") and its control persons knowingly made misleading and inflated revenue growth and margin projections in their communications with investors. Dkt. 1 at 5-8. The Fox Complaint *does not contain* allegations that the Company previously published distorted revenue numbers or filed misleading financial statements with the SEC. *Id.* Fox alleges that the truth was revealed on July 30, 2024, causing a 23.52% stock price decline and asserts a class period of May 6, 2024, through July 29, 2024. *Id.* at 2-3.

Over three months later, on November 27, 2024, the Company filed with the SEC a notice on Form 8-K/A, which stated the following, in relevant part: "[T]he Company identified errors in its revenue recognition related to cost overruns on certain deployments that will not be billable, which additionally impacted system revenue, income (loss) before income tax, net income (loss) and gross margin recognized in the second, third, and fourth quarters of fiscal year 2024."

In light of this news, on December 3, 2024, Plaintiff Matthew Decker filed a complaint (the "Decker Complaint") in this District, alleging that Symbotic failed to maintain adequate internal controls over revenue recognition procedure, leading to a restatement of previously reported financials, and that the Defendants had knowledge of this failure. 1:24-cv-12976, Dkt. 1 at 4-5. This allegation relates exclusively to already recognized and published revenue numbers. *Id.* The Decker Complaint does not contain an allegation that the company issued misleading forward revenue guidance. *Id.* Decker alleges that the truth of the fraud was revealed on November 26, 2024, causing 35.8% stock price decline. Decker asserts a class period of February 8, 2024, through November 26, 2024. *Id.* at 1, 6.

Despite the lack of any connection between the two Complaints, save for the identity of the corporate defendant and the cause of action, Fox and her counsel move to consolidate the two complaints, in a bald attempt to circumvent the provisions of the PSLRA in an effort to take control of the unrelated Decker case. Fox cites no precedent suggesting this is proper, nor does she cite to any portions of the Complaints evidencing similarity between the two.

For this reason, and for the reasons put forth below, Fox's motion should be rejected in its entirety.

## II.   **ARGUMENT**

### A.  Because the two complaints do not involve common questions of law or fact, consolidation is not permitted

Fed.R.Civ.P. 42(a) provides that a court may consolidate actions when they involve a "common question of law or fact." The party moving for consolidation bears the burden of showing the existence of such a common question. *See Lath v. Manchester Police Dep't,* 2017 WL 11509857, at *1 (D.N.H. June 7, 2017) (internal citations omitted). Here, Fox does not meet that burden. Fox's barebones assertion that the complaints are similar and involve "substantially identical questions of law and fact" – without any further analysis supporting that assertion, either legal or factual - cannot support her motion for consolidation.

In support of her argument, Fox does not cite a single case from within this Circuit – or any governing precedent at all, save for the text of FRCP 42. This paucity of precedent is reason enough to deny the motion in its entirety; that being said, Fox's misstatement of the facts underlying the Decker Complaint serves as reason enough to deny the motion as well.

Fox states that "similar to the Fox Action, the securities fraud violations alleged in the Decker Action relate to Defendants' statements concerning Symbotic's revenue and guidance for fiscal 2024." Dkt. 34 at *6. This is incorrect. The Decker Complaint does not relate to Symbotic's

3

forward revenue guidance, nor can it be reasonably interpreted as relating to such. Rather, the Decker Complaint exclusively alleges that Symbotic's previously issued revenue numbers were inflated due to improper revenue recognition practices – an allegation that the Fox complaint does not raise at all. *Compare* 1:24-cv-12976-DJC, Dkt. 1 at *4-5, with 1:24-cv-12090-NMG, Dkt. 1 at *5-8. There is no overlap in the Venn diagram depicting the two complaints.

Usefully, both complaints contain short paragraphs effectively summarizing their claims. A cursory review of these paragraphs lays bare the absence of similarity between the two complaints. Compare the following excerpts from the Decker Complaint:[1]

> This statement was materially false and misleading at the time it was made because the Company had ineffective internal controls.
>
> ***
>
> The contents of this section, particularly those numbers related to revenue, were materially misleading and false at the time it was made because the company had improperly accelerated its recognition of revenue.

With the matched excerpt from the Fox Complaint:[2]

> The above statements in Paragraphs 21 to 25 were false and/or materially misleading. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected earnings outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. In truth, SYM's optimistic reports of growth, improvements to gross margin, and overall stability of its ongoing projects fell short of reality; the Company was not equipped to timely deploy their systems or otherwise appropriately manage its expenses through project delays.

By their plain text, these two claims have no common nexus of fact. Even the underlying patterns of malfeasance alleged in the two complaints are wholly different. It is evident, then, that there is no common question of fact or law with which the two Complaints can be tied together;

---

[1] 1:24-cv-12976-DJC, Dkt. 1 at 5.
[2] 1:24-cv-12090-NMG, Dkt. 1 at 8.

the alleged misleading statements are different, the corrective disclosures are different, and even the class periods are different. That the two cases are brought for securities violations against a similar group of defendants is of little import, as this is routine and does not support consolidation – for example, there are currently at least four separate securities class actions pending against Coinbase Inc. alone.[3]

Indeed, the Levi Firm knows this, which is why they have issued countless press releases soliciting potential lead plaintiffs in the Decker matter – both before and *after* it filed the instant motion. *See e.g.* Baker Dec. Ex. 1 (Dec. 11); Ex. 2. (Jan. 3); Ex. 3 (Jan. 2). On the date of this filing alone, they issued at least five. Contrary to their motion, the press releases issued by the Levi Firm contain a correct description of the Decker Complaint's allegations ("The filed complaint alleges that defendants made false statements and/or concealed that: (1) Symbotic improperly accelerated revenue recognition in its 2024 financial statements,") rather than the incorrect description put forth in their motion to consolidate ("the securities fraud violations alleged in the Decker Action relate to Defendants' statements concerning Symbotic's revenue and guidance for fiscal 2024"). *Compare id.* to dkt. 34 at *6.

Fox has failed to show that the two complaints share common questions of law or fact. FRCP 42 therefore does not permit consolidation. The motion should be denied.

### B.  Should the Court consolidate the cases, the lead plaintiff process in the Decker matter should be allowed to continue

Because Fox has not met her burden to show why these matters should be consolidated, the Court should deny Fox's motion in its entirety. However, should the Court nevertheless

---

[3] (1) *Aceves et al v. Coinbase Global, Inc. et al,* 3:24CV02663 (May 2024, N.D. Cal.); (2) *Castle v. Coinbase Global, Inc. et al*, 2:24CV04850 (Sep. 2024, E.D. Pa.); (3) *Donovan et al v. Coinbase Global, Inc. et al*, 1:23CV08431 (Sep. 2023, S.D.N.Y.); (4) *In Re Coinbase Global, Inc. Securities Litigation*, 3:21CV05634 (July 2021, N.D. Cal.).

choose to consolidate the two cases, it should allow the lead plaintiff process in the Decker action to continue, in the interest of allowing those eligible under the Decker class period to move for lead plaintiff.

Where a complaint under the PSLRA is amended to state new theories or claims, courts around the country routinely conduct a new and separate lead plaintiff process because the potential pool of lead plaintiffs has changed, and to exclude those individuals from the lead plaintiff process, would be inequitable. *See e.g., Kipling v. Flex Ltd.*, 2019 WL 1472358, at *1 (N.D. Cal. Apr. 3, 2019); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013); *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc*., 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005); *In re Cyberonics Inc. Sec. Litig*., 468 F. Supp. 2d 936, 938 (S.D. Tex. 2006). Here, as shown above, the claims in the Decker Complaint are new and apart from the claims contained in the Fox Complaint.

Furthermore, the timing of the Class Periods and complaint filing dates in the two matters necessitates the continuation of the Lead Plaintiff process in the Decker action because (a) at the time the Decker Complaint was filed, the lead plaintiff deadline had already passed in the Fox action, and (b) at the end of the class period in the Decker action, the lead plaintiff deadline had already passed in the Fox action. Many of the potential lead plaintiffs eligible for the Decker action could therefore not possibly have been eligible for the Fox action. The prevailing approach among a diverse group of courts is that this scenario requires a separate LP process. *See Thomas v. Magnachip Semiconductor Corp.,* 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015) (collecting cases where reopening of LP process was required due to the expansion of the potential class of lead plaintiffs).

The Court in *Teamsters* puts it succinctly:

6

Allowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process. Although appointment is certainly easier-and thus more efficient-when there is only one movant, it is contrary to the spirit of the PSLRA to achieve that efficiency by failing to notify potential movants of their rights.

2005 WL 1322721, at *3. As such, should the Court choose to grant the consolidate the cases, it should allow the lead plaintiff process in the Decker action to continue, so as to allow investors who were harmed by the actions alleged in the Decker Complaint to vindicate their rights under the PSLRA.

### III.    CONCLUSION

For the reasons stated above, the Court should deny Fox's motion to consolidate in its entirety. In the alternative, the Court should allow the lead plaintiff process in the Decker action to continue.

Dated: January 3, 2025

**THE ROSEN LAW FIRM, P.A.**
Joshua Baker, Esq. (BBO # 695561)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jbaker@rosenlegal.com
      philkim@rosenlegal.com
      lrosen@rosenlegal.com

*Counsel for Plaintiff*

7

8

## CERTIFICATE OF SERVICE

I, Joshua Baker, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on January 3, 2025.


Dated: January 3, 2025                                  /s/ *Joshua Baker*
                                                        Joshua Baker, Esq.

8