**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VIRGINIA L. FOX, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, and CAROL J. HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12090-NMG<br><br><u>CLASS ACTION</u><br><br>**LEAVE TO FILE GRANTED ON JANUARY 17, 2025 (DKT. 39)** |
| MATTHEW DECKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMBOTIC INC., RICHARD B. COHEN, MARIA G. FREVE, and CAROL HIBBARD,<br><br>Defendants. | Case No.: 1:24-cv-12976-DJC<br><br><u>CLASS ACTION</u> |

**DEFENDANTS' RESPONSE TO PLAINTIFF VIRGINIA FOX'S MOTION TO CONSOLIDATE (DKTS. 33, 34) AND PLAINTIFF <u>MATTHEW DECKER'S OPPOSITION (DKT. 36)</u>**

Defendants Symbotic Inc. ("Symbotic" or the "Company"), Richard Cohen, Maria Freve, and Carol Hibbard (collectively, "Defendants") hereby respond to the pending motion to consolidate the above-captioned matters filed by Plaintiff Virigina Fox (Dkts. 33, 34) and Plaintiff Matthew Decker's request to continue the lead plaintiff process (Dkt. 36 at 5-7).

## I. Defendants Do Not Oppose Fox's Motion to Consolidate

Consolidation of these matters is appropriate and in the best interest of all parties and the Court. "Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Carr v. Analogic Corp*., 2018 WL 4932858, at * 1 (D. Mass. Oct. 10, 2018) (quoting *Miami Police Relief & Pension Fund v. Fusion-io, Inc*., 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014)). "If the cases include common parties, common questions of law and fact, and efficiency benefits, courts generally permit consolidation unless the opposing party shows 'demonstrable prejudice.'" *Piercy v. AT&T Inc*., 2024 WL 4728944, at *1 (D. Mass. Nov. 8, 2024) (Gorton, J.). Consolidation is appropriate "even in cases where there are differences in causes of action, defendants, or the class period." *In re Facebook, Inc., IPO Secs. & Deriv. Litig*., 288 F.R.D. 26, 35-36 (S.D.N.Y. 2012) (cleaned up) (consolidating cases asserting separate Securities Act and Exchange Act claims); *see also In re General Elec. Secs. Litig*., 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (differences between consolidated matters would be resolved by consolidated complaint).

The Fox and Decker complaints contain overlapping class periods and similar allegations that create common questions of law and fact that will be most efficiently addressed in a consolidated action. These cases are in their early stages. The Court has not yet appointed a lead

plaintiff.  Nor has either plaintiff filed an amended complaint.  Further, while there are differences among the plaintiffs' claims, the complaints include similar allegations about Symbotic's financial statements that trigger similar defenses, and, if the cases proceed past a motion to dismiss, will require discovery from identical sources and witnesses.  Consolidation of the two cases at this early stage will benefit all parties and avoid inconsistent results for shareholders.  Finally, Decker's opposition to the motion to consolidate illustrates no demonstrable prejudice that could prevent consolidation of these matters.

**II.    Defendants Take No Position on Decker's Request to Continue the Lead Plaintiff Process**

Decker requests that, if the Court consolidates these matters, it allow the lead plaintiff process to continue in the Decker matter.  (Dkt. 36 at 5-6).  Defendants take no position on Decker's request, but reserve all of their rights, including but not limited to the right to challenge any plaintiff's standing or qualifications to act as a class representative at any future stage of these proceedings or any consolidated proceeding.

Dated: January 17, 2025                         Respectfully submitted,

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno (BBO #558748)
Andrew S. Dulberg (BBO #675405)
Elizabeth E. Driscoll (BBO #705302)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.bongiorno@wilmerhale.com
andrew.dulberg@wilmerhale.com
elizabeth.driscoll@wilmerhale.com

*Counsel for Defendants*

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 17, 2025.

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
